Davis, J.,
delivered the opinion of the court:
The findings of fact show that James R. Yerdier was postmaster at Beaufort, S. C., for nearly three years prior to April 30,1869. His compensation as such officer to that date was primarily fixed at $2,774.15. After he had ceased to hold office it appeared upon the face of the account that he was in debt to the United States, whereupon he was sued in the district court and a judgment in favor of defendants herein was recovered. Interest increased this judgment, so that on the 4th day of August, 1886, it amounted to $2,296.77. The significance of this date will hereafter appear.
After the death of Yerdier his administrator presented to the Postmaster-General an application for readjustment, of his salary under chapter 119 of the laws of 1883 (22 Stat. L., 487) and section 8 of the act of June 12,1866 (24 Stat. L., 307). A readjustment was made December 23, 1885, with an allowance of $2,892.84 in addition to the former salary.
This allowance was certified to Congress during the first session of the Forty-ninth Congress, and an appropriation to pay it was made in-*;ection 8 of chapter 903 of the laws of 1886. (24 Stat. L., 307, 308.) In March, 1887, the Department audited Yerdier’s account, charging him with the judgment and interest thereon to August 4,1886 (the date of the appropriation), and costs, amounting in all to $2,296.77. This left a balance upon the appropriation of $596.07, which was paid the plaintiff herein, and the judgment of the district court was satisfied.
The substance of this action is interest. Upon the one hand, when he left office Yerdier appeared as in debt to the defendants; they sued him and recovered something over $1,000. Upon the other hand, the United States was then in *273 fact in debt to Verdier in a sum ascertainable, but not ascertained, and which could be ascertained and fixed by the Post-Office Department alone; in 1885 this sum was ascertained and in 1886 the amount found due was appropriated. If no question of interest (after judgment) entered into the computation, plaintiff’s account would show a considerable balance in his favor — that is, while interest has been running against plaintiff’s intestate upon his indebtedness no interest has been running against the defendants upon their indebtedness. To put the question in another form, if defendants had readjusted and fixed Verdier’s salary at the time they sued him they would have shown the Government in his debt; yet he is held to pay interest on his side of the account, while his debtor, the defendants, by failing to fix his salary, which they alone could fix, and by refusing to be debited with interest, which they charged him, materially reduce the amount due Verdier’s estate. Such a condition of affairs could not occur between individuals and should not be permitted to work injustice between a citizen and his Government, unless the statutes imperatively demand it.
The period first presented for our investigation of the law is that between July 1, 1866, and April 30, 1869. By the act of 1854 (10 Stat. L., 298), postmasters were paid by commissions upon receipts at a certain fixed rate. The act of July 1,1864, divided postmasters into five classes, according to the salaries, and those salaries were to be fixed by the Postmaster-General under certain rules set forth in the act (13 Stat. L., 335). The second section of the statute provided “that the Postmaster-General” shall review “once in two years, and in special cases, upon satisfactory representation, as much oftener as he may deem expedient, and readjust * * * the salary assigned by him to any office, ” so that readjustment once in two years became obligatory; a matter of duty in the performance of which the Postmaster-General must take the initiative.
In 1866 (July 12) this section Ayas amended (14 Stat. L., 60) by requiring the Postmaster-General to review and readjust when the quarterly returns of any postmaster of the three lower classes show that the salary allowed is 10 per cent less than it would be on a basis of commission under the act of 1854.
These, then, Avere the laws in force when the contention in this case arose, and by them the following duty was imposed *274 upon the Postmaster-General, to be performed of his own motion and without application: First, to readjust Verdier’s salary every two years; second, to readjust it at any time when the quarterly returns showed that the salary allowed was 10 per cent less than if computed on a basis of commission, under the act of 1854.
•No such action, however, was taken in this case. If it had been taken the Government would have been shown in debt to Verdier at the time of the action against him; not being taken, Verdier then appeared in debt to the Government, was sued, and judgment was recovered against him, because the Department had not taken the action prescribed by statute. That is, the defendants i. the District of Columbia deprived him in South Carolina of his defense.
In 1883 (March 3, 22 Stat. L., 487) followed another statute authorizing and directing the Postmaster-General to readjust the salaries of postmasters and “late postmasters” of the third, fourth, and fifth classes whose salaries had not before been readjusted under the act of June 12, 1866 (sec. 8), the-readjustment to be made in accordance with the mode presented in that act “and to date from the beginning of the quarter succeeding that in which such sworn returns of receipts and business or quarterly returns were made;” this to be done upon the written application of the postmaster, late postmaster, or his legal representative. This act then “directed” the Postmaster-General to do that which the acts of 1864 and 1866 had already directed him to do and which he had not done, and this act for the first time required any initiative on the-part of the postmaster when it provided that he or his legal representative should make a written application for the readjustment. Verdier was dead when this act was passed, and the judgment against him had been drawing interest for several years; his administrator, however, presented the application to the Postmaster-General, and in December, 1885, he was allowed $2,892.84 in addition to the salary already allowed him; yet his estate was paid only $596.07 because of the costs and interest on a sum less than a thousand dollars which lie-only apparently owed the Government, at a time when the Government owed him, as now appears, nearly $3,000, and when the Government alone could ascertain and fix this amount *275 and when tbe duty of so doing was imposed by statute upon a principal executive officer.
Tbis court in no way criticises tbe course of tbe Postmaster-General in tbe matter; but the facts thus disclosed are necessary' to a consideration of tbe defenses to tbis action, which, if valid, operate with peculiar hardship. In 1870 tbe plaintiff’s intestate bad a complete defense against the action brought against him; but that defense was entirely within tbe control of tbe Post-Office Department. At that time Yerdier upon tbe whole account did not owe tbe Government; on tbe contrary the Government was in bis' debt; but he could not prove this, for to do' so required precedent action .upon tbe part of tbe Postmaster-General — action required by statute, but which was not taken until 1885.
Such a result as is here contended for by defendants is manifestly unjust. It puts tbe Government in tbe position of benefiting by its own laches, which it can not be assumed to' intend to do. It gives the defendants tbe advantage of a delay-caused by tbe omission of their officers to perform a duty imposed upon them by mandatory statutes. It reaches an inequitable result by the plea that the Government, while charging interest against its debtors, pays none itself, being always ready, in theory of law, to meet its obligations.
We do not intend to attack,the judgment in this proceeding; the district court had jurisdiction, and the judgment was a necessary result of defendant’s (herein) action at that time; but we do not agree that there is force in defendant’s suggestion of an estoppel in pais because of plaintiff’s silence. The initiative was under the statutes imposed ppon defendant’s officers; we do not think that the fact that plaintiff’s intestate did not institute proceedings by way of mandamus to compel defendants to do their duty can now be cited by these very defendants as an excuse for not doing that duty.
This court has powers in equity and will not enforce the payment of interest and costs upon a judgment which would not have been recovered had the defendant herein at the time complied with the law. At the most, if interest were to be charged it should be charged on both sides, and that would substantially result in the judgment we shall direct to be entered in plaintiff’s favor. In this view of the case it is unneces *276 sary to consider plaintiff’s point that tbe appropriation by Congress should have been paid him in full without regard to prior proceedings. Judgment for plaintiff in the sum of $1,233.67.